CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 09, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER L. COMPTON, JR., | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:26-cv-00388 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| L.S. CREWS, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Roger L. Compton, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1, Compl.)  This matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes Compton's complaint must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Compton alleges that on July 11, 2025, Officer Crews issued warrants for his arrest under "false allegations in which he made up."  (Compl. 5.)  He further claims that "Lynchburg Adult

Detention has given me medication I am allergic to twice hospitalizing me." (*Id.* at 6.)  He claims to have been on antibiotics for eight months due to the medication he is allergic to, causing health issues such as boils, shingles, and scaling. (*Id.*)  Compton requests $300 per day from July 11, 2025, until his release, one million dollars in pain and suffering, and "contract with Pittsylvania County to be terminated all persons involved terminated . . . ." (*Id.* at 8.)

Compton has sued Officer Crews, the Pittsylvania County Sheriff's Office, Pittsylvania County "Jail Employees", Blue Ridge Regional Jail Authority Records, and the Lynchburg Adult Detention Center.  The Sheriff's Office, Detention Center, and Jail Authority Records are not suable entities under § 1983.  *See Moon v. Roanoke City Sheriff Office*, Case No. 7:21-cv-00607, 2022 WL 1912778, at *1 (W.D. Va. June 3, 2022) (explaining that a Sheriff's Office is not a "person" subject to liability under § 1983) (collecting cases); *Hubbard v. Stein*, No. 5:25-CT-3216-D, 2026 WL 1249484, at *3 (E.D.N.C. May 6, 2026) (various entities such as the Wake County Detention Center "are not 'persons' subject to suit under section 1983"); *Maisonet v. Erie Cnty. Prison Mental Health*, Case No. 1:22-cv-151 Erie, 2023 WL 3026645, at *2 (W.D. Penn. Feb. 24, 2023) (a county prison "records department' is not a "person" under § 1983).

To the extent that Compton may be alleging an Eighth Amendment deliberate indifference claim due to issues with his medication, he does not allege the personal involvement of any individual defendant, such as Officer Crews or any Pittsylvania County Jail employees. "Liability under § 1983 is 'personal, based upon each defendant's own constitutional violations.' For this reason, a § 1983 claim requires factual detail about each defendant's personal involvement." *Burke v. Zook*, Civil Action No. 7:25-cv-00480, 2026 WL 1377316, at *2 (W.D. Va. May 15, 2026) (quoting *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) and citing *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)).  It appears to the court, based upon

Compton's allegations, that the misadministration of medication occurred at Lynchburg County Detention Center, so the Pittsylvania County employees could not have plausibly been involved in any alleged Eighth Amendment violation regarding that medication.

Finally, to the extent that Compton is seeking his release from prison, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (summarizing the distinctions between § 1983 and habeas actions). Further, under *Heck v. Humphrey*, 512 U.S. 477 (1994), Compton cannot obtain damages without first proving that his "conviction or sentence has already been invalidated." *Id.* at 487.

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: June 9, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge